**TOWN & COUNTRY MANUFACTURING COMPANY, Inc. and Town & Country Sales Company, Inc., Petitioners,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 19679.**

United States Court of Appeals Fifth Circuit.

April 29, 1963.

Rehearing Denied June 29, 1963.

Kenneth C. McGuiness, Washington, D. C., Theophil C. Kammholz, Washington, D. C., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., of counsel, for petitioners.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., Melvin J. Welles, Atty., N. L. R. B., Washington, D. C., Stuart Rothman, General Counsel, Nancy M. Sherman, Attorney, N. L. R. B., for respondent.

Before HUTCHESON, RIVES and GEWIN, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This case is before the court upon petition of Town & Country Manufacturing Company, Inc. and Town & Country Sales Company, Inc., herein collectively

called the Company or petitioner, to review and set aside an order of the National Labor Relations Board issued against the Company on April 13, 1962, following the usual proceedings under Section 10(c) of the National Labor Relations Act, as amended.

In its answer, the Board has applied for enforcement of its order. The Board's decision and order are reported at 136 NLRB No. 111.

Adopting certain recommendations of the trial examiner to which no exceptions were filed, the Board, one member dissenting, also found certain other conduct to be an independent violation of Sec. 8 (a) (1). In general these findings were that, by termination of its trailer hauling department and contracting its hauling out and the discharge of its union employees without first bargaining with the union on the question of contracting out its work, the company has engaged in conduct violative of Sec. 8(a) (3) (5) and (1) of the Act.

It is with respect to these additional violations that the whole controversy here is waged. The petitioner, relying on National Labor Relations Board v. American National Ins. Co. (5th Cir.) 187 F.2d 307, affirmed 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027, and on National Labor Relations Board v. Houston Chronicle Publishing Co. (5th Cir.) 211 F.2d 848, insists that the dissenting member of the Board was right in his view that the order was beyond the power of the Board to make and the majority of the Board was wrong in insisting that, upon the authority of the cases cited by it, the majority was right.

The Board, earnestly insisting: that, whatever might be said with respect to the petitioner's contention that this part of the order intruded upon its unquestioned right of management, if the evidence in that respect were otherwise than it is, urges upon us that the evidence is so overwhelming that the petitioner's action was motivated by anti-union sentiment and a desire to rid itself of the union, that it is quite clear in the state of the record that the Board's order, is unimpeachable and, therefore, within the intendment of all the cases, including National Labor Relations Board v. American National and National Labor Relations Board v. Houston Chronicle, supra, it should be enforced. We agree that this is so.

While it is true that the examiner found that the petitioner's conduct in this respect was not motivated by opposition to the union but was the result of action by the Interstate Commerce Commission and the petitioner's desire to conform thereto, and the dissenting member agreed with this conclusion, we think it is clear that the evidence permits of no other reasonable conclusion than that the determination to subcontract its work and to discharge its drivers from employment was the result in part at least of the company's determination to rid itself of the union, and that the order of the Board should, therefore, be enforced throughout.

This is not, of course, to say that the company is under a duty to agree with the union that the work may not be contracted out if after reasonable bargaining the company adheres to its decision to conduct its business in that way. Cf. National Labor Relations Board v. American National Ins. Co., 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027, supra. It is merely to hold that the company, rescinding its plan of contracting out its hauling work and reinstating its employees, as ordered by the Board, must in good faith bargain with the union which has been certified as employees' representative, upon the question whether the company should not return to its former method of doing its hauling with its own employees.