NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SAVOY LAUNDRY, INC., Respondent.

No. 26, Docket 28119.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1963.

Decided Jan. 24, 1964.

Melvin H. Reifin, Attorney, N.L.R.B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Melvin Pollack, Attorney, on the brief), for petitioner.

Jacob M. Mandelbaum, New York City (John F. Clancy on the brief), for respondent.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.*

KAUFMAN, Circuit Judge.

Adopting the report and recommendations of its trial examiner, the National Labor Relations Board found that respondent Savoy Laundry, Inc., violated Sections 8(a) (1), 8(a) (3), and 8(a) (5) of the National Labor Relations Act

(29 U.S.C. §§ 158(a) (1), (3) and (5)) by closing down the bulk of its wholesale shirt laundering division and discharging twenty-two of its employees, in an effort to frustrate union organization and to avoid signing a collective bargaining agreement with the union. Pursuant to § 10(e) of the Act, the Board petitioned this court for enforcement of its order which, *inter alia*, directs Savoy to "take reasonable and business-like steps" to resume the discontinued operation and to reinstate the discharged employees.

Applying a test long familiar in cases of this sort. N. L. R. B. v. Goya Foods, Inc., 303 F.2d 442 (2d Cir.), cert. denied, 371 U.S. 911, 83 S.Ct. 256, 9 L. Ed.2d 171 (1962); N. L. R. B. v. Rapid Bindery, Inc., 293 F.2d 170 (2d Cir. 1961); N. L. R. B. v. Kelly & Picerne, Inc., 298 F.2d 895 (1st Cir. 1962), we are convinced that substantial evidence supports the Board's finding that Savoy's decision to discontinue the wholesale shirt operation and to discharge the employees was motivated by a desire to rid itself of the union and not, as respondent urges, by economic considerations. In so holding, we recognize that the crucial factor is not whether the business reasons cited by Savoy were good or bad, but whether they were honestly invoked and were, in fact, the cause of the change. See N. L. R. B. v. Houston Chronicle Pub. Co., 211 F.2d 848 (5th Cir. 1954).

Perhaps most devastating to respondent's position is the timing of its decision. Less than a month before Savoy was to plead "economic necessity," virtually all of the employees who were subsequently to be discharged walked out in protest over the discharge of a fellow

---

* Judge Clark, who sat on the panel which heard the argument on this appeal, died before the opinion could be filed. In conference and in inter-panel memoranda, he voted to delete the re-opening requirements and to enforce the Board's order as so modified; he did not have the opportunity to pass upon our disposition of the back-pay award. Upon Judge Clark's passing, Chief Judge Lumbard was designated to take his place in the resolution of this appeal.

worker. Although this afforded an excellent opportunity to eliminate an "unprofitable" division, Savoy promptly hired replacements and continued to operate at full strength. Savoy is and was a relatively small, family-owned and operated business and we thus cannot accept the argument that its owners and managers were unaware of the "unprofitability" of the division at the time of the walk-out. When set against a background of frequent anti-union statements and repeated refusals to bargain, the alacrity with which Savoy resumed its wholesale shirt service causes us to view its later claims of economic necessity with considerable skepticism. We are, therefore, unable to find that the Board erred in rejecting them.

■ Some questions have been raised as to the scope of the Board's order. While we are convinced that no court would insist that Savoy resume its wholesale shirt division if such a step would not be "reasonable" or "business-like" under the circumstances, we think it best that this portion of the order be deleted. Whatever the reasons, Savoy has not engaged in this phase of the laundry business for almost three years; since its patronage and good will have undoubtedly been lost in the interim, we feel that it would be unduly harsh to require the resumption of the division now.

■ The Board has also ordered that the discharged employees be awarded back-pay for a period commencing with their discharge, and extending until they are offered reinstatement or until they obtain substantially equivalent employment. Since we consider this portion of the order inextricably intertwined with the provision requiring resumption of the discontinued division, we believe that the back-pay provisions must be remanded to the Board for further consideration in light of our deletion of the reopening requirement, for without that require-

ment the length and duration of the back-pay award are without time limitation.

[5] It seems appropriate, finally, to re-emphasize the true limits of today's decision. We are *not* saying that the economic reasons offered by an employer must meet the approval of a governmental agency before he may go out of business, or even that these economic justifications must be economically sound. Rather, we are saying merely that these economic considerations must be honestly invoked, and that an employer may not attempt to disguise an anti-union motive by speaking the language of economic necessity. It is in this sense that the Trial Examiner in the present case rejected an accountant's report, prepared long after the decision to discontinue the wholesale shirt division had been announced, which was offered to show the unprofitability of the operation. Recognizing that profit levels in a small, family-held business may be effectively manipulated by the fixing of salaries, the Examiner concluded that the economic justifications invoked by Savoy were not asserted in good faith. In upholding this finding and holding it dispositive, we are doing no more than to restate legal principles which have long been recognized, and which have been held applicable, by this court as well as those of other circuits, even in cases in which the discontinued operation is not effectively carried on by an alter ego corporation. See, e. g., N. L. R. B. v. Somerset Classics, Inc., 193 F.2d 613 (2d Cir.), cert. denied sub nom. Modern Mfg. Co. v. N. L. R. B., 344 U.S. 816, 73 S.Ct. 10, 97 L.Ed. 635 (1952); N. L. R. B. v. Missouri Transit Co., 250 F.2d 261 (8th Cir. 1957).

The provisions of the order calling for re-opening of the wholesale shirt division will be deleted; the back-pay award is remanded to the Board for further consideration; and the order is, in all other respects, enforced.