NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

JACKSON FARMERS, INC. (Formerly
Known as Farmers Union Cooperative
Business Association), Respondent.

No. 71-1376.

United States Court of Appeals,
Tenth Circuit.

March 27, 1972.

Steven C. Kahn, Atty., N. L. R. B. (Peter G. Nash, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., N. L. R. B., with him on brief), for petitioner.

William G. Haynes, of Eidson, Lewis, Porter & Haynes, Topeka, Kan., for respondent.

Before SETH and BARRETT, Circuit Judges, and MECHEM, District Judge.

SETH, Circuit Judge.

This case is before the court upon application of the National Labor Relations Board for enforcement of its order entered after a finding that the respondent failed to negotiate with the American Federation of Grainmillers, AFL–CIO, regarding the discontinuation of its small trucking operation, and the "contracting out" of the work.

Jackson Farmers, Inc., is a Kansas corporation which operates grain elevators, a feed mill, a petroleum bulk plant and service stations, a fertilizer plant, and a store with various outlets in Kansas. The discharged employee, Mr. Jacob Schuetz, had been in Farmers' employ as their *only* full-time truck driver

for over ten years when it was decided to discontinue the company's over-the-road trucking operation, and substitute a contractor. There were some other part-time drivers as part of the operation was seasonal. When the decision was made, the company did not recognize the union, although certified by the Board, and action seeking enforcement of the Board's certification order over the objection of the company was pending in this court. It was so enforced *sub nom.* NLRB v. Jackson Farmers, Inc., 432 F.2d 1042 (10th Cir.), cert. den. 401 U.S. 955, 91 S.Ct. 974, 28 L. Ed.2d 238.

The Board asserts that Farmers violated subsections 8(a) (1) and (5) of the Act by unilaterally abolishing a unit position and subcontracting the unit work without bargaining with the union. Farmers argues that it was economically motivated in subcontracting the work and that it also offered Mr. Schuetz a substantially equivalent job which he refused. The Board ordered that Farmers restore its one-man trucking operation and reinstate Schuetz with retroactive pay, finding that it had violated sections 8(a) (1) and (5). The company at the time of the hearing had retained two of its original three trucks. It had sold an antiquated one.

Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 85 S.Ct. 398, 13 L. Ed.2d 233 (1964), is the significant decision in the determination of this appeal. There the union initially filed unfair labor practices charges against the company, alleging violations of sections 8(a) (1), (3) and (5). The Board decided that the company's motive in contracting out its maintenance work was economic rather than anti-union, but nevertheless found a violation under section 8(a) (5) based upon a doctrine initially promulgated in Town & Country Mfg. Co. v. NLRB, 136 N.L.R.B. 1022, enforcement granted, 316 F.2d 846 (5th Cir.). The Board's decision so reached was upheld by the Supreme Court in the Fibreboard decision. Also decided in 1963 was NLRB v. Adams Dairy, Inc., 322 F.2d 553 (8th Cir.), which held that a dairy having no discriminatory motivation in replacing its driver-salesmen with independent contractors did not violate section 8(a) (5) by not first negotiating with the union. The Supreme Court granted certiorari, vacated the decision, and remanded for reconsideration "in light of Fibreboard . . . ." Instead of changing its position, however, the appellate court in Adams II held that its original decision was correct on the ground that much more was involved than the mere substitution of one set of employees for another. Thus the Circuit Court, in upholding the original result, determined that a basic operational change did occur in the dairy, namely, the liquidation of that aspect of the business affected by the decision, and this was sufficient to distinguish Fibreboard.

The cases following Fibreboard and Adams Dairy have determined the issue by deciding whether a *basic change* in the operation of the employer's business has come about with the contracting out, thus contrasting the two principal cases. See NLRB v. King Radio Corp., 416 F.2d 569 (10th Cir.); NLRB v. Thompson Transport Co., 406 F.2d 698 (10th Cir.); NLRB v. United Nuclear Corp., 381 F.2d 972 (10th Cir.); NLRB v. Johnson, 368 F.2d 549 (9th Cir.); NLRB v. Drapery Mfg. Co., 425 F.2d 1026 (8th Cir.); NLRB v. Northwestern Publishing Co., 343 F.2d 521 (7th Cir.).

This court in its decisions cited above has held, as did the court in Office & Professional Emp. Int. Union, Local 425, v. NLRB, 136 U.S.App.D.C. 12, 419 F.2d 314, that the duty to bargain is by no means universal in instances of "contracting out," and we repeat the caveat. See especially NLRB v. King Radio Corp., supra.

██ Here there was only one position involved, but it was clearly part of the representative unit. The contractor who replaced the discharged employee performed the same function, and clearly no

change in the operations of the respondent ensued. The request was to merely remove a position from the representative unit. The facts thus bring this case within the decision of the Supreme Court in the Fibreboard case, and we are bound thereby. Thus we hold that the failure to bargain by respondent was a violation of section 8(a) (5).

Respondent further argues that its offer of reinstatement was effective even if it is determined that there was a violation of section 8(a) (5). Mr. Schuetz was discharged on September 1, 1969. Approximately two months later Farmers offered him a different job at its feed mill, a job within the bargaining unit, under the same supervision, with no change of seniority or fringe benefits. Mr. Schuetz allegedly declined the job because of his hay fever, though the record shows that he was indifferent to the offer and wanted his original job back. The Board determined that the offer of reinstatement was invalid because the job was not a truck-driving job.

The company here argues that the job offered was in fact substantially equivalent to Mr. Schuetz's former position and that Mr. Schuetz breached his duty to respond within a reasonable time once the offer of reinstatement was made. The Board argues that where the elimination of the job is a consequence of the company's unfair labor practice, the employee is not required to accept the offer of an equivalent position. We agree.

Generally, when employees are unlawfully discharged and the NLRB orders reinstatement to their former or substantially equivalent positions, the employer does not have a choice of offering either the former or an equivalent position. If the former position still exists, he must offer that one. CCH Lab.L.Rep. ¶ 4730.01. If the job

the employee formerly held was discontinued by virtue of the cessation of a particular operation after the unfair labor practice causing his discharge, he may be reinstated to a substantially equivalent position.

These factors are not here present, and where the unfair labor practice is a violation of section 8(a) (5), involving the abolition of the job because of subcontracting, a remedy ordering reinstatement in a different job after finding that the job in question was unlawfully abolished is not remedial. Because the purpose of reinstatement is not only to effect a remedy for an unlawfully discharged employee, but also to dissipate the effect of the employer's unlawful conduct and restore the status quo, to require the employee to consider an offer of a substantially equivalent job in the case at bar would permit the damage to the unit despite section 8(a) (5).

Finally, respondent urges that the Board's remedy of resuming the trucking operation is in furtherance of the purposes of the Act only where there is a background or pattern of conduct which undermines the aims of the Act. However, section 10(c) of the Act charges the Board with the task of devising remedies to effectuate the policies of the Act, NLRB v. King Radio Corp., 416 F.2d 569 (10th Cir.), and within its discretion in framing orders, the Board has been allowed to require the resumption of discontinued operations in order to effectuate the status quo ante. Resumption in the case at bar is not economically prohibitive or unduly harsh, and therefore we conclude that it is not a prohibited remedy, although it is severe. See NLRB v. Savoy Laundry, Inc., 327 F.2d 370 (2d Cir.).

The order will be enforced.