**Cletus SCHMIDT, d/b/a Skipper's Bar, Plaintiff and Appellee,**

v.

**Steven J. ZELLMER, Secretary of Revenue of the State of South Dakota, Defendant and Appellant,**

**and**

**David Volk, Treasurer of the State of South Dakota, Defendant.**

**No. 12949.**

Supreme Court of South Dakota.

Submitted on Briefs Sept. 8, 1980.

Decided Nov. 5, 1980.

---

* SDCL 15–17–5 is inapplicable. See *Heezen v. Aurora County*, 267 N.W.2d 831 (S.D.1978).

David R. Gienapp, Arneson, Issenhuth & Gienapp, Madison, for plaintiff and appellee.

Jon Haverly, Asst. Atty. Gen., Pierre, for defendant and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

HENDERSON, Justice.

## ACTION

This is an appeal by Steven J. Zellmer, Secretary of Revenue of the State of South Dakota (appellant), from an order of the trial court requiring appellant to reimburse Cletus Schmidt, d/b/a Skipper's Bar (appellee), for payment of an alleged sales tax overassessment. Appellant contends the trial court erred in not barring appellee's suit on grounds of res judicata. We agree and reverse.

## FACTS

During September of 1973, the South Dakota Department of Revenue audited appellee for the period of July 1970 through March 1973. As a result of this audit, a hearing before the Deputy Secretary of Revenue was conducted on December 29, 1975, to determine the sales tax liability, if any, of appellee. Notice of this hearing was received by appellee on December 4, 1975. Appellee did not appear at this hearing, nor was he represented thereat by counsel. As a result of said hearing, on January 14, 1976, appellee was ordered to pay appellant $6,179.97 for back sales tax and interest thereon. This was based on the absence of records kept by appellee and the Revenue Department's reconstruction of appellee's gross receipts.

Appellee then received notice on July 2, 1976, of a hearing to be held for the purpose of revoking his sales tax license due to his failure to comply with the administrative order of January 14, 1976. This incited appellee's attention as he immediately filed with the Secretary of Revenue a petition for rehearing on the sales tax liability established by the order of January 14, 1976. This petition was subsequently denied. On July 8, 1976, a hearing before the Secretary of Revenue resulted in the Secretary finding that the order of January 14, 1976, had not been complied with; hence, appellee's sales tax license was revoked by order dated July 13, 1976.

On August 6, 1976, an appeal was taken by appellee from: the order of January 14, 1976; the denial of appellee's petition for rehearing; and the Secretary of Revenue's order of July 13, 1976. This appeal was dismissed by the trial court for lack of subject matter jurisdiction; that is, the appeal of the order of January 14, 1976, was not timely taken under SDCL 1-26-31 and SDCL 10 45 35. The trial court also ruled that it had no jurisdiction to hear motions pursuant to the order of January 14, 1976.

Under protest, appellee then paid appellant $6,179.97 for the administratively determined sales tax delinquency. On September 20, 1977, appellee filed a complaint with the trial court under authority of SDCL 10 27 2, demanding a refund from appellant of $6,179.97 plus costs and attorney fees. The crux of appellee's complaint alleged that appellant had used negligent and improper methods in conducting its audit of appellee's records. The trial court

assumed jurisdiction of the parties to the action and, on January 11, 1979, a court trial was conducted in this matter. On August 27, 1979, the trial judge concluded as a matter of law that appellee was entitled to a judgment against appellant in the amount of $1,865.69, plus interest and costs, due to the impropriety of appellant's sales tax audit. On appeal, appellant contends, among other things, that appellee should have been barred from bringing suit in the trial court under the doctrine of res judicata.

## ISSUE

Did the trial court err in determining that appellee's action was not barred by the doctrine of res judicata? We hold that it did.

## DECISION

We determine that the issue of res judicata is dispositive of this appeal and the alleged impropriety of appellant's audit need not be addressed.

The doctrine of res judicata is designed to prevent the relitigation of an issue actually litigated or which could have been properly raised and determined. *Gottschalk v. South Dakota State Real Estate Com'n*, 264 N.W.2d 905 (S.D.1978). Appellant contends the trial court should have refused to entertain appellee's claim due to the administrative hearing and adjudication before the Secretary of Revenue on December 29, 1975. Even though appellee had received prior notice, he made no appearance at this hearing, nor did he timely appeal the order which resulted from it. *See* SDCL 1–26–31. Appellee simply defaulted. It was determined at this hearing that appellant's auditing procedures were proper and that appellee owed $6,179.97 to the State of South Dakota in sales tax and interest thereon. This is the identical issue appellee based his complaint upon when he brought his original proceeding at the trial court level.

This Court has recently stated that "[i]t appears that the rationale for the doctrine of res judicata is equally applicable to contested administrative hearings as it is to judicial proceedings." *Id.* at 907. In *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642, 660 (1966), the United States Supreme Court stated: "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it *which the parties have had an adequate opportunity to litigate*, the courts have not hesitated to apply res judicata to enforce repose." (Emphasis supplied.)

Appellee had the opportunity to appear, litigate, and present his grievances at the administrative hearing, and he did not; appellee had the opportunity to appeal the decision of the administrative hearing within thirty days after it was released, and he failed to do so. Instead, appellee instigated an original proceeding at the trial court level, basing his complaint upon the identical grievances and issues that were adjudicated by the Secretary of Revenue several months earlier. In accord with the principles and authorities cited previously in this opinion, we hold that appellee is barred by the doctrine of res judicata to relitigate the propriety of appellant's auditing procedures.

Accordingly, the order of January 14, 1976, by the Secretary of Revenue is reinstated and the trial court's judgment for appellee is reversed.

All the Justices concur.