Daryl HOGG, Plaintiff and Appellant,

v.

Marvin E. SIEBRECHT, Defendant and Appellee.

Nos. 17008, 17009.

Supreme Court of South Dakota.

Argued Sept. 19, 1990.

Decided Dec. 19, 1990.

Rehearing Denied Jan. 24, 1991.

**210**

Rodney C. Lefholz, Rapid City, for plaintiff and appellant.

Greg L. Peterson, Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, for defendant and appellee.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

Daryl Hogg (Hogg) commenced this action by service of Summons and Complaint on June 10, 1989. Hogg accused Marvin E. Siebrecht (Siebrecht) of the failure to act in a fiduciary manner towards him, violation of his obligation of good faith and fair dealing, and a reckless and wanton disregard of Hogg's rights together with outright fraud in his capacity as receiver of Hogg's property.

Siebrecht responded with a Motion to Dismiss. Per stipulation at oral argument, the Motion was converted to a Motion for Summary Judgment. Judgment was entered in favor of Siebrecht. On appeal, Hogg alleges that the trial court erred by granting summary judgment in favor of Siebrecht.

By Notice of Review, Siebrecht argues that he was entitled to terms or sanctions because the present lawsuit was improvidently brought on issues previously raised and adjudicated.

## FACTS

In 1983, Hogg brought suit against the First National Bank of Aberdeen, now Norwest Bank. Hogg believed Norwest Bank had violated certain deposit agreements. Subsequently, Norwest Bank brought their own action against Hogg to foreclose on a note and security agreement which Hogg previously entered into with Norwest Bank. Since Norwest Bank believed that the property in which the bank had a security interest was in danger of being lost, removed or injured, Siebrecht was appointed receiver of Hogg's real and personal property on February 22, 1984.

During his term as receiver, Siebrecht ran the farming operation of Hogg's under court supervision. He also had to supervise matters relating to the leasing of realty, sale of crops and hay and foreclosure of real property.

After Siebrecht filed his inventory and recommendations with the court concerning his actions as receiver, it was determined by the circuit court that livestock, grain and hay owned by Hogg should be sold and the proceeds used to pay off Hogg's obligations. Subsequently, Siebrecht was discharged by the circuit court *"from any further liabilities or obligations incident to receivership."* Notice of Entry of this Order was served upon Hogg. He did not appeal this circuit court order in any respect.

The present action was filed on June 6, 1989. Hogg now challenges Siebrecht's performance of his receivership duties. We affirm on the merits of the appeal and the lower court's decision that no sanctions be awarded to Siebrecht.

## DECISION

I. *The trial court correctly entered summary judgment in favor of Siebrecht.*

■ The instant complaint, filed June 1, 1989, alleges that Siebrecht failed to discharge his duties faithfully as receiver in the prior action. We hold that the trial court properly dismissed Hogg's complaint on the ground of res judicata. The matters sought to be litigated in the present action

could have been or should have been litigated at the time the receiver's final report and account were approved. The court's order in the prior case approving the account may not be collaterally attacked in this proceeding.

 The doctrine of res judicata serves as claim preclusion to prevent relitigation of an issue actually litigated or which could have been properly raised and determined in a prior action. *Matter of Estate of Nelson,* 330 N.W.2d 151 (S.D.1983); *Schmidt v. Zellmer,* 298 N.W.2d 178 (S.D. 1980).

Notice of the receiver's final report and account was given to all interested parties, including Hogg. In this case, the questions now sought to be raised about the propriety of various action taken by Siebrecht could and should have been raised as objections to Siebrecht's final report and account. Hogg was a principal party in the receivership. At the hearing for the final report and accounting, Hogg neither objected to the approval of Siebrecht's report nor did he appeal the trial court's order once it was entered. As the Appellate Court of Illinois stated in a case similar to the present one: [*]

> To allow appellants to avoid the doctrine of res judicata simply by bringing a new suit would undermine its very purpose.

*Yaw v. Beeghly,* 109 Ill.App.3d 627, 65 Ill. Dec. 211, 440 N.E.2d 1066 (1982).

In *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968) we held that summary judgment was proper when the moving party demonstrates the absence of any genuine issue of material fact and shows entitlement to judgment on the merits as a matter of law. Based upon the foregoing reasons, there is no genuine issue of material fact in this case. Therefore, the trial court did not err in entering summary judgment in favor of Siebrecht.

II. *Sanctions were properly denied by the trial court under the facts of this case.*

 By Notice of Review, Siebrecht argues that he was entitled to sanctions under SDCL 15–6–11(a) and (b) or attorney's fees because the present lawsuit was improvidently brought on issues previously raised and adjudicated. The trial court determined that sanctions were not appropriate in this matter.

SDCL 15–6–11(a) requires that every pleading, motion and other paper be signed by at least one attorney of record, in his individual name, or, if a party is not represented by an attorney, requires signature of that party. The purpose of such signature is set out within the statute, which states in part:

> ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ...

Violation of SDCL 15–6–11(a) triggers sanctions under SDCL 15–6–11–(b):

> If a pleading, motion or other paper is signed in violation of this rule [SDCL 15–6–11(a)] the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which shall include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

*Crowley v. Spearfish Ind. School Dist.,* 445 N.W.2d 308 (S.D.1989).

It appears from the record that Hogg proceeded with this suit in good faith. The advisory committee to Rule 11 noted: "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring into what was reasonable to believe at the time the pleading,

---

[*] In *Yaw,* the court determined that discharge of the receiver and acceptance of his final report barred subsequent negligence action against him under doctrine of res judicata.

motion, or other paper was submitted." 97 F.R.D. 165, 199 (1983). Sanctions are not warranted simply because a summary judgment was awarded. Hogg, through his counsel, vigorously briefed and urged at oral argument before this Court that *Vander Vorste v. Northwestern National Bank*, 81 S.D. 566, 138 N.W.2d 411, 20 A.L.R.3rd 960 (1965) was controlling and relied upon this lead case in our Court. The argument and theory was artful and creative. We are unwilling, nevertheless, to differ with the trial court's finding that although proceeding with an action such as this appears nonmeritorious based on existing case law, neither sanctions nor attorney's fees are appropriate.

For the foregoing reasons, judgment is affirmed in all respects.

All the Justices concur.