**Colleen SPRINGER, as Guardian ad litem for L.R.S., Plaintiff and Appellant,**

v.

**Kenneth A. BLACK and Clarine A. Black, Defendants and Appellees.**

**No. 18600.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1994.

Decided Aug. 3, 1994.

Stephanie E. Pochop, Johnson, Eklund, Nicholson, Dougherty and Abourezk, Gregory, for plaintiff and appellant.

Larry M. Von Wald, Lynn, Jackson, Shultz and Lebrun, Rapid City, for defendants and appellees.

WUEST, Justice.

Colleen Springer (Springer), guardian ad litem for L.R.S., appeals from the circuit court's order granting Kenneth and Clarine Black's (hereinafter collectively referred to as Black) motion to dismiss. We reverse.

### FACTS

This appeal arises out of allegations of child sexual abuse at a day care center in Winner, South Dakota. The Dinkytown Day Care Center, Inc. (Dinkytown), was incorpo-

rated by Black in 1975 as a nonprofit South Dakota corporation. Dinkytown rented space for operations in the upstairs of the Black home. Dinkytown employed Clarine Black (Clarine) to manage the day care center operation and supervise the children; thus, she was responsible for creation and enforcement of Dinkytown policies, rules and procedures.

During the 1987 fall and winter months, the Black's adult son Robert Black (Robert) was a regular visitor in the home. On at least one occasion, Clarine entrusted the children to Robert while she left the premises. Springer's daughter L.R.S. was in attendance at Dinkytown during this time. When allegations of child sexual abuse arose, Dinkytown closed in February 1988. The nonprofit corporation was dissolved on June 3, 1988. In June 1988, Robert was charged with four counts of rape in the first degree pursuant to SDCL 22–22–1(4); the named victims were S.C., T.J., L.R.S., and K.D. Pursuant to a plea agreement in September 1988, Robert pled guilty to the charges of rape in the first degree involving S.C. and K.D., and was sentenced to ten years in the penitentiary.

In October 1990, parents of the children involved in the Dinkytown child sexual abuse allegations filed a summons and complaint against Dinkytown for injuries resulting from these incidents.[1] Dinkytown answered that the action was time barred pursuant to SDCL 47–26–39,[2] asserted that such bar was *"jurisdictional as a matter of law,"* and subsequently moved for judgment on the pleadings. *See M.S. v. Dinkytown Day Care Center, Inc.,* 485 N.W.2d 587, 587–88 (S.D.1992) (emphasis added) (decided May 6, 1992)

(hereinafter *Dinkytown*). The trial court directed judgment on the pleadings and this court affirmed. *Id.* at 588–91. We stated:

> [A]bsent the corporate survival period in SDCL 47–26–39, the children's right to recover would have been extinguished with Dinkytown's dissolution. It was only because of SDCL 47–26–39 that the children's right to recover was extended after the date of dissolution. Despite this extension, *the children's right to recover after dissolution never arose.* The right was subject to a condition, i.e., commencement of an action within two years of the date of dissolution. This the children and parents did not do and, therefore, *a condition precedent to the children's right to recover never occurred.*

*Id.* at 590 (emphasis added).[3]

In April 1993, approximately eleven months after our decision in *Dinkytown,* Springer initiated the present action against the Blacks as individuals. Upon a motion by Black, the trial court dismissed, concluding "that the *Dinkytown* action was a final adjudication on the merits and that according to [*Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus., Inc.,* 336 N.W.2d 153 (S.D.1983) ], the doctrine of res judicata prevents [Springer] from pursuing this action against [Black]." Springer appeals.

### STANDARD OF REVIEW

■ We review the trial court's grant or denial of a motion to dismiss by determining whether the pleader was entitled to judgment as a matter of law. *See Estate of Billings v. Deadwood Cong. of Jehovah Witnesses,* 506 N.W.2d 138, 140 (S.D.1993); *In*

---

1. We note that this action was against the Dinkytown corporate entity only. The parents made a motion on April 10, 1991 to amend the pleadings to include Kenneth and Clarine Black as individual defendants. This motion was never addressed by the trial court. The trial court directed judgment on the pleadings in favor of Dinkytown on April 18, 1991.

2. SDCL 47–26–39 is a survival statute, providing in pertinent part:
   > The dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation, its directors, officers, or members, for any right or claim existing, or

any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

*Id. See Dinkytown,* 485 N.W.2d at 588–89.

3. I concede that this language used in the *Dinkytown* opinion is perhaps somewhat misleading. I would prefer that rather than stating that the cause of action "never arose" that it did not survive. However, that is the language used in the *Dinkytown* opinion, a per curiam writing in which all the members of this court participated.

*re P.A.M.*, 505 N.W.2d 395, 396 (S.D.1993). We review questions of law de novo. *Rusch v. Kauker*, 479 N.W.2d 496, 499 (S.D.1991) (citing *Permann v. Dep't of Labor, Unemp. Ins. Div.*, 411 N.W.2d 113, 117 (S.D.1987)).

### ANALYSIS AND DECISION

Resolution of this appeal requires us to apply the doctrine of res judicata to determine whether Springer's present action is barred. The unique procedural history of this case presents a question of first impression for this court. However, we have recently reviewed the general nature of the res judicata doctrine:

> "The doctrine of res judicata serves as claim preclusion to prevent relitigation of an issue actually litigated or which could have been properly raised and determined in a prior action." *Hogg v. Siebrecht*, 464 N.W.2d 209, 211 (S.D.1990). *See also Lewton v. McCauley*, 460 N.W.2d 728, 730 (S.D.1990); *Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus.*, 336 N.W.2d 153, 157 (S.D.1983).
>
> This court applies four factors in determining whether res judicata is applicable: (1) Whether the issue decided in the former adjudication is identical to the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties in the two actions are the same or in privity; and (4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication. *Raschke v. De-Graff*, 81 S.D. 291, 295, 134 N.W.2d 294, 296 (1965). *Cf. Staab v. Cameron*, 351 N.W.2d 463, 465 (S.D.1984) (applying same factors to issue of collateral estoppel).

*In re Guardianship of Janke*, 500 N.W.2d 207, 208–09 (S.D.1993). *See Moe v. Moe*, 496 N.W.2d 593, 595 (S.D.1993) (noting same four factors). *But see Staab v. Cameron*, 351 N.W.2d 463, 465 (S.D.1984) (noting that with regard to the third factor (same parties or in privity), "we have also stated that [res judicata] may be applied in a civil action when a

new defendant affirmatively raises this defense to bar a plaintiff from reasserting issues the plaintiff has actually previously litigated and lost on the merits against another defendant," *citing Black Hills Jewelry*, 336 N.W.2d at 159). "One of the purposes of res judicata is to protect parties from being subjected twice to the same cause of action, since public policy is best served when litigation has a finality." *Moe*, 496 N.W.2d at 595 (citing *Black Hills Jewelry*, 336 N.W.2d at 157).

Although the dismissal in *Dinkytown* was termed a judgment on the pleadings, the dismissal was sought under the legal theory that the action was jurisdictionally barred as a matter of law. 485 N.W.2d at 588. Under SDCL 15–6–41(b), an involuntary dismissal does not operate as an adjudication upon the merits where the dismissal was for lack of jurisdiction.

In *Gunkel v. Garvey*, 45 Misc.2d 435, 256 N.Y.S.2d 953 (N.Y.Sup.Ct.1964), the court held that dismissal from the district court for lack of jurisdiction did not operate as a final adjudication on the merits for purposes of collateral estoppel or res judicata. *Id.* 256 N.Y.S.2d at 957. Likewise, a Texas court recently noted that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits. *Allen v. Port Drum Co., Inc.*, 777 S.W.2d 776, 778 (Tex.App.1989). A federal court has also held that where another court had previously dismissed an action for lack of subject matter jurisdiction, the plaintiff was not barred by res judicata from bringing the action in another court. *American Guaranty Corp. v. United States*, 401 F.2d 1004, 1005, 185 Ct.Cl. 502 (1968). The court noted that if " 'the court decides that it has no jurisdiction over the defendant and also that no cause of action is shown, the latter decision is so clearly unnecessary to the result that it is not a bar to a subsequent action in a different court.' " *Id.* 401 F.2d at 1005–06 (quoting RESTATEMENT (FIRST) JUDGMENTS § 49 cmt. c (1942)).[4] In the *Dinkytown* decision, this court determined that the

4. The Restatement (Second) of Judgments provides:

"(1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: (a)

When the judgment is one of dismissal for lack of jurisdiction[.]"

RESTATEMENT (SECOND) OF JUDGMENTS § 20(1)(a) (1982).

defendant (Dinkytown) had ceased to exist, and that the cause of action—"the children's right to recover"—never arose. 485 N.W.2d at 590.

■ In the *Dinkytown* action, the only issue decided by this court was whether there was jurisdiction over the action. We determined that there was no jurisdiction because the cause of action never arose. It logically follows that there was no full and fair opportunity to litigate the underlying issues in the prior adjudication; thus, there was no final judgment on the merits.

We conclude that where the dismissal of the prior action was based on lack of subject matter jurisdiction, such dismissal cannot operate as a final adjudication on the merits. The dismissal of the prior action cannot operate as a bar to the present action under the doctrine of res judicata. The judgment of the circuit court is reversed.

MILLER, C.J., and AMUNDSON, J., concur.

SABERS and HENDERSON, JJ., concur specially.

SABERS, Justice (concurring specially).

Because the children's right to recover against the corporation clearly existed *prior to* the corporation's dissolution and during the two years thereafter, I cannot accept the majority opinion's rationale that the children's right to recover never arose and therefore, there was no jurisdiction. This is not a matter of jurisdiction.

A much better basis for the reversal of the trial court's opinion appears in the majority opinion itself at footnote 1, which states:

> We note that this action was against the Dinkytown corporate entity only. The parents made a motion on April 10, 1991 to amend the pleadings to include Kenneth and Clarine Black as individual defendants. This motion was never addressed by the trial court. The trial court directed judgment on the pleadings in favor of Dinkytown on April 18, 1991.

Footnote 1 makes it clear that the initial action was against the "Dinkytown corporate entity only." Neither Kenneth nor Clarine

Black were ever joined as individual defendants. Therefore, the present defendants, Kenneth and Clarine Black, cannot claim the benefit of the doctrine of res judicata under these circumstances. Although the causes of action may be similar, the parties are completely different. The Blacks have not yet been subjected once, much less twice, to this lawsuit. Therefore, factor (3) is missing. Additionally, factors (1) and (4) do not apply either because the issue decided in the former adjudication is not identical to the present issue and there was not a full and fair opportunity to litigate the issues in the prior adjudication, at least on the merits. *Guardianship of Janke*, 500 N.W.2d at 208–09; *Black Hills Jewelry*, 336 N.W.2d at 157.

HENDERSON, J., joins this special writing.