1999 SD 123

Eula FRIGAARD, Plaintiff
and Appellant,

v.

Paul R. SEFFENS, Defendant,

and

Russell E. Greenfield, Defendant
and Appellee,

and

First Bank of South Dakota,
Defendant.

Nos. 18473, 18482.

Supreme Court of South Dakota.

Considered on Briefs Feb. 23, 1999.

Decided Sept. 8, 1999.

Gregory K. Haugen of Wilka, Haugen &
Kirby, Sioux Falls, for plaintiff and appel-
lant.

Acie W. Matthews of Pruitt, Matthews & Jorgensen, Sioux Falls, for defendant and appellee.

TICE, Circuit Court Judge.

[¶ 1.] Upon Eula Frigaard's (Frigaard) action for partition of real property and an accounting, the circuit court held that Russell E. Greenfield (Greenfield) had a lien upon the property and awarded him the value of that lien. Frigaard appeals. We reverse.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] Frigaard brought this action partly to partition real property, much of which she owned as tenant in common with her brother, Paul Seffens (Seffens). Frigaard also sought an accounting so that she might satisfy liens then existing against the property, which consisted of three lots. Prior to August 12, 1985, lot one was owned entirely by Frigaard. Frigaard and Seffens owned lots two and three as tenants in common. On August 12, 1985, Seffens secured Frigaard's signature on a warranty deed, giving him complete ownership of these properties. On April 4, 1986, having duly recorded the transfer with the register of deeds, Seffens mortgaged the property to Greenfield for $20,000, at a twenty percent annual interest rate.

[¶ 3.] In 1987, alleging fraud and undue influence, Frigaard brought an action against Greenfield and Seffens, seeking to set aside the deeds. Greenfield alleged, as a defense, that Frigaard had negligently executed the warranty deed. Such negligence, he argued, precluded her from obtaining any relief against Greenfield, particularly with regard to the validity and binding effect of the mortgage. Trial was held on October 31, 1989.

[¶ 4.] Prior to the commencement of the trial of the 1987 action the court asked Greenfield's attorney, William Moore: "You told the court you were going to be inactive?" Moore replied: "Essentially, it

is my understanding that Mr. Burke, [Seffens' attorney], and I agreed that our cross claim against Mr. Seffens would be dismissed without prejudice." Greenfield did not proceed on any cross claims or affirmative defenses, and apparently chose not to participate in the trial at all. He reserved the right, however, to re-enter the proceedings at any time. There is no record of either any withdrawal or dismissal of Greenfield from this 1987 action.

[¶ 5.] In a memorandum decision, issued January 8, 1990, Judge Amundson ruled in favor of Frigaard, finding that Frigaard "was unaware that she was giving defendant the above mentioned deeds; rather, it was plaintiff's belief she was signing her interest in Frigaard Enterprises, Inc., over to defendant." In the conclusions of law, the court stated: "III. That as a result of Defendant's utilization of undue influence over Plaintiff in fraudulently obtaining the above mentioned property, justice dictates the Deeds be set aside and Plaintiff be restored to the position she occupied prior to August 12, 1985." Simultaneously, the court entered an order requiring the register of deeds to void the deeds dated August 12, 1985. No further judgment was entered, nor action taken by any party beyond the entry of that judgment.

[¶ 6.] In 1991, Frigaard initiated an action against Seffens and Greenfield to partition the real estate and pay off the liens then due against the property or a party. Greenfield alleged in his amended answer: "That any claim herein against the Defendant Greenfield is barred by the doctrine of res judicata or by the rule against splitting causes of action in that any claim against Defendant Greenfield could have been and should have been adjudicated in Case # 87–1551 wherein judgment was entered on February 6, 1990." The fifth defense raised by Greenfield was as follows: "This Defendant states that Plaintiff is estopped from seeking any relief against this Defendant by not raising these issues in the prior litigation and by permitting

the parties to remain in their status quo position, all to the prejudice of this Defendant." These are the only defenses that relate to the 1987 case. Trial was held on July 9, 1993.

[¶ 7.] During the course of the 1993 trial on the 1991 action, Greenfield presented evidence to establish that Frigaard was negligent in signing the deeds in question. Frigaard objected to evidence in that regard and asserted that res judicata and collateral estoppel precluded Greenfield from raising that issue. The trial court disagreed with Frigaard and found 1) that the issue of negligence by Frigaard was not decided in the 1987 action prior to commencement of trial or, alternatively, that Frigaard abandoned the claim against Greenfield and he was not a party when the judgment was entered; 2) that the deeds were fraudulent and void in their execution; 3) that Frigaard had the burden of proving she was not negligent in the issuance of the deeds in 1985; 4) that Greenfield was a bona fide lien holder for value and was protected as such; and therefore, he was entitled to prevail in his lien against the real estate in total.*

## DECISION

### The application of res judicata and collateral estoppel.

[¶ 8.] Both Greenfield and Frigaard assert that the doctrines of res judicata and collateral estoppel operate to their favor. Res judicata prevents the splitting of actions and "requires all grounds upon which a single claim is based to be asserted and concluded in one action, on pain of being barred from separate suit." *Risse v. Meeks,* 1998 SD 112, ¶ 29, 585 N.W.2d 875, 880 (Konenkamp, J. concurring) (quoting 1 Wright, Federal Courts § 78, at 297.) The doctrine is intended to prevent relitigation of claims litigated in a prior proceeding, "or which *could have been* properly raised and determined in a

prior action." *SDDS, Inc. v. State,* 1997 SD 114, ¶ 16, 569 N.W.2d 289, 295 (emphasis added) (citing *Hogg v. Siebrecht,* 464 N.W.2d 209, 211 (S.D.1990)). "At the heart of res judicata is the effort 'to preclude parties from contesting matters that they have had a full and fair opportunity to litigate.'" *Risse,* 1998 SD 112, ¶ 29, 585 N.W.2d at 880, (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). Such prevention protects litigants from enduring repeated litigation of matters and brings finality to the litigation, thereby serving public policy. *Springer v. Black,* 520 N.W.2d 77, 79 (S.D.1994) (quoting *Moe v. Moe,* 496 N.W.2d 593, 595 (S.D.1993) (citing *Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus.,* 336 N.W.2d 153, 157 (S.D. 1983))).

Four factors must be met to sustain res judicata:

1) Whether the issue decided in the former adjudication is identical to the present issue; 2) whether there was a final judgment on the merits; 3) whether the parties in the two actions are the same or in privity; and 4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication.

*Springer,* 520 N.W.2d at 79 (citations omitted). The subject matter of both the 1987 and 1991 actions were the 1985 deeds, how Seffens procured them in 1985, and if Seffens did so fraudulently. The trial court in the 1987 action found fraud and ordered Frigaard restored to her position prior to the fraud and required that the register of deeds set the deeds aside.

[¶ 9.] The issue addressed at trial in the 1987 action was the validity of the deeds and each party's rights in the property at issue. The court had to address the manner in which Seffens procured Frigaard's signature and whether the deeds would be subsequently voided. The same transac-

---

\* The notice of appeal to this Court was filed on September 10, 1993. The appeal was stayed until July 1998 due to the commencement of

Paul R. Seffen's bankruptcy action which invoked an automatic stay in this Court pursuant to 11 U.S.C. 362(A).

tion is again at issue involving precisely the same subject matter and parties. Clearly, the issues decided in the 1987 action were identical to those addressed in the 1991 action, satisfying factor one. There is no question that the judgment was final. Greenfield was simply attacking the effect of the judgment rendered in the 1990 decision. Factor two is therefore satisfied.

[¶ 10.] Greenfield contends that he was not a party to the first case. To the contrary, he was a named party in the first case, and appeared as such just prior to trial. On the day of trial, Greenfield's and Seffens' attorneys informed the court that they agreed to dismiss Greenfield's cross-claim against Seffens. The trial transcript indicates the following exchange then took place immediately before opening statements:

[¶ 11.] Circuit Judge Amundson asked the following question: "You are representing who?"

Mr. Moore: Russ Greenfield.

The Court: You told the Court you are going to be inactive.

Mr. Moore: Essentially, it is my understanding that Mr. Burke (Seffens' attorney) and I agreed that our cross-claims against Mr. Seffens would be dismissed without prejudice. At least that's my understanding of the status—Mr. Greenfield's—Mr. Greenfield in this case, Your Honor.

The Court: So, you are dismissing your cross claim without prejudice?

Mr. Moore: Yes, Your Honor.

The Court: You don't have any objection to that?

Mr. Burke: No, I don't.

The Court: That means that you can re-up again if you wanted to, basically?

Mr. Moore: That's correct, Your Honor.

[¶ 12.] Obviously, not only was Greenfield aware of the fact of trial, but was also a participant until opening statements, and he chose, for the time being, "to be inac-

tive." It should be noted that no reference to Greenfield appears in the file after this discussion, either by way of action by him for dismissal or service of the judgment upon him, nor is he included in the title of the case thereafter. Now, for purposes of res judicata, Greenfield claims he was not a party to the action and as a result cannot be barred from presenting his action in the 1991 suit.

[¶ 13.] Litigants may not sit on their rights and later attack rulings that are not in their favor. Greenfield viewed the 1989 trial from the sidelines, only seeking to defend his interests in the deeds at issue in 1991. He now seeks to avoid the 1989 judgment by way of an end run. The original cause of action, for purposes of res judicata, was grounded in fraud. Greenfield had a full and fair opportunity to litigate his defense against Frigaard in the 1989 trial. He chose not to.

[¶ 14.] Res judicata serves to put to an end litigation which has been decided upon the merits. The doctrine puts to rest an entire cause of action. A cause of action has been described as "comprised of the facts which give rise to, or establish, the right a party seeks to enforce." *Merchants State Bank v. Light,* 458 N.W.2d 792, 794 (S.D.1990) (citing *Bank of Hoven,* 449 N.W.2d 263, 266 (S.D.1989)). The facts giving rise to the two trials in question were identical, and Greenfield had the opportunity to establish his rights in the deeds in the first action. He may not now seek to litigate those rights in a different lawsuit with a different judge.

[¶ 15.] It need also be noted that Greenfield, in his own pleadings in the 1991 action, asserted that collateral estoppel and res judicata are controlling. Having acknowledged that these doctrines control he cannot now say that they apply only to Frigaard but not to him. It is a sword that cuts both ways. In the 1987 action the court found that the deeds were void and reinstated Frigaard's deeds to their status prior to their fraudulent issuance.

[¶ 16.] As we stated in *Estes*, 464 N.W.2d at 620:

> The rationale for the use of such doctrines as collateral estoppel and res judicata goes beyond the interests of the parties to the litigation. The underlying rationale for their implementation is that public policy, judicial orderliness, economy of judicial time, and the interest of litigants as well as the peace and order of society all require that stability should be accorded judgments. Controversies once decided on their merits should remain in repose, and inconsistent judicial decisions should not be made on the same set of facts.

[¶ 17.] These important policies and interests are not served where a party is allowed to sit on his rights and later attack an issue that he had a full and fair opportunity to litigate in a prior action. Such was the situation in the case now before us. The issue that Greenfield claims was not litigated in 1987 is merely a defense to the cause of action that was the subject of that case. Res judicata and collateral estoppel do apply and foreclose Greenfield from now trying to assert Frigaard's alleged negligence as a defense and set aside Judge Amundson's decision.

### The failure of Greenfield to plead negligence.

[¶ 18.] Further, had Greenfield not been precluded by res judicata and collateral estoppel from asserting Frigaard's negligence as a defense, he should be precluded from doing so by virtue of his failure to plead that defense.

[¶ 19.] Greenfield at no time moved to amend his pleadings to allege Frigaard's negligence in signing the deeds. It is also worthy of note that while Greenfield never raised negligence in his 1991 pleadings, it was the cornerstone of the answer in the 1987 action. At trial, Greenfield offered testimony to prove that Frigaard was negligent in placing her name on the deeds. The trial court allowed this to be presented over Frigaard's objections. Nowhere in the pleadings was there any reference

to Frigaard being negligent. No notice whatsoever was given to Frigaard that this would be a factual issue for the court prior to trial. Although pleadings can be amended at any time, after twenty days of service it can only be done upon request to the court, and it should not be granted where to do so would unfairly prejudice the opposing party. *See Tesch v. Tesch*, 399 N.W.2d 880, 882 (S.D.1987) (prejudice to opposing party shown where party was surprised and unprepared to meet the contents of the proposed amendment); *Bucher v. Staley*, 297 N.W.2d 802, 806 (S.D. 1980) (test for prejudice to opposing party is "did he have a fair opportunity to litigate the issue").

[¶ 20.] Allowing trial to proceed on a factual matter never previously raised denied Frigaard the opportunity to prepare for a proper factual presentation. Frigaard was also foreclosed from moving in limine, to raise issues such as res judicata or collateral estoppel, or to depose and prepare witnesses to rebut the evidence offered by Greenfield. Nor did it allow the court to familiarize itself with the rather complex status of the law surrounding the issuance of a fraudulent deed. To require Frigaard to try the issue of negligence without appropriate notice substantially denies Frigaard the opportunity to meet Greenfield's evidence.

### The failure of Frigaard to submit proposed findings of fact

### and conclusions of law.

[¶ 21.] Greenfield asserts that Frigaard cannot now appeal the decision of the court in the 1991 action because she failed to submit proposed findings to the court after the trial. The court had requested that counsel submit proposed findings and conclusions prior to the trial of the case. Because Frigaard had done so, those proposed findings may stand as though submitted at the end of the trial. Unless the trial court otherwise indicates, the trial court may reasonably conclude that those proposals are consistent with what the

parties expect the evidence will be at time of trial and address the issues in dispute.

[¶ 22.] SABERS, Justice, concurs.

[¶ 23.] MILLER, Chief Justice, and KONENKAMP and GILBERTSON, Justices, concur specially.

[¶ 24.] TICE, Circuit Judge, for AMUNDSON, Justice, disqualified.

GILBERTSON, Justice (concurring specially).

[¶ 25.] I agree with the majority opinion that this case should be reversed, but it should only be so done on the basis of res judicata. As that is dispositive of the appeal, the attempt to address the subsequent discussion of the failure to plead negligence and its underlying analysis, is unnecessary dictum.

[¶ 26.] MILLER, Chief Justice, and KONENKAMP, Justice, join this special writing.