RASCHKE, Appellant, v. DeGRAFF et al., Respondents

(134 N.W.2d 294)

(File No. 10146. Opinion filed April 9, 1965)

**Loucks, Oviatt & Bradshaw,** Watertown, for plaintiff and appellant.

**Beardsley, Stover & Osheim,** Watertown, **William J. Holland,** Sisseton, for defendants and respondents.

HANSON, J. This is an action for the specific performance of a stipulated agreement releasing a garnishment action. De-

fendants answered and moved to dismiss the complaint on the ground of res judicata. The motion was granted and the plaintiff, Gaylord F. Raschke, appeals.

The defendant, Matilda E. DeGraff, owner of certain real property in the City of Watertown entered into a contract to sell the property to plaintiff for the sum of $26,000. Because of defendant's failure to furnish marketable title plaintiff rescinded the contract of sale by action and obtained judgment against defendant in the amount of $7,193.95. The building located on the premises was thereafter partially destroyed by fire. Defendant was insured with the St. Paul Mutual Insurance Company in the amount of $11,000.

On March 23, 1962 plaintiff commenced a garnishment proceeding against Matilda E. DeGraff and her insurer in aid of execution of his money judgment. On April 18, 1962 the parties executed a stipulation and release of the garnishment action wherein it was agreed the garnishment proceedings could be dismissed upon the following conditions: (1) the St. Paul Mutual Insurance Company pay its fire loss in the amount of $11,000 by draft payable to Mrs. DeGraff and her attorney, William J. Holland, (2) upon receipt of such draft William J. Holland pay plaintiff the sum of $7,200, and (3) plaintiff would then file a satisfaction of his judgment against Mrs. DeGraff. The court signed the attached order of dismissal on the same day the stipulation was executed. Also in keeping with the stipulation the insurer issued its draft in the amount of $11,000.

Shortly thereafter Mrs. DeGraff's attorney discovered the property destroyed by the fire had been Mrs. DeGraff's homestead. An application for permission to claim as exempt $10,000 of the insurance proceeds was filed on April 23, 1962 upon which the court issued an order requiring plaintiff to show cause on May 2, 1962 why defendant DeGraff should not be allowed to claim her exemptions. The record does not show whether or not a hearing was held on the date set. However, on May 5th defendant DeGraff served a claim of exemptions and made a further motion to dismiss the garnishment action and to be re-

lieved from the stipulation of dismissal. This motion was noticed for hearing and heard on the 18th day of May, 1962. Plaintiff opposed all of such applications and motions on the grounds, among others, that the court lacked jurisdiction and defendant DeGraff was legally and morally bound by the stipulation and agreement whereby the garnishment action was dismissed.

A memorandum opinion was issued by the trial court on October 10, 1962 in which the court indicated the garnishment proceedings were void on jurisdictional grounds and an order would issue dismissing the proceedings. Upon receipt of this memorandum opinion plaintiff filed a motion to dismiss defendants' application for permission to claim exemptions, claim of exemptions, and motion of dismissal on the grounds the court lacked jurisdiction to hear and consider the same as the garnishment proceedings had been dismissed by order of the court on April 18, 1962 upon the stipulated agreement of the parties; and the defendant and her counsel were each legally and morally bound by the stipulation and the court was requested to enforce the same. This motion was noticed for hearing on November 2, 1962. Following this hearing the court entered an order on November 2, 1962 denying plaintiff's motion and a second order complying with its prior memorandum opinion declaring the garnishment of the St. Paul Mutual Insurance Company void for lack of jurisdiction and directing the garnishee defendant's agent to deliver the insurer's check in the amount of $11,000 to defendant. No appeal was taken from either order and the time for appeal therefrom has expired.

On July 12, 1963 plaintiff commenced the present action against defendant DeGraff and her attorney, William J. Holland, requesting the specific performance of the stipulation and release of garnishment as a contractual obligation. Defendants answered and moved to dismiss the complaint for the reason the stipulation and release of garnishment relied on by plaintiff for a cause of action had previously been submitted to the court for adjudication in the prior garnishment action and the rights of the parties determined therein and the issues were therefore res judicata. The trial court granted defendants' motion and

entered an order on December 11, 1963 dismissing plaintiff's complaint. This appeal is from that order and its propriety is the sole question presented.

■ ■ The general principles relating to the doctrine of res judicata, as applied in numerous decisions of this court, were summarized in Keith v. Willers Truck Service, 64 S.D. 274, 266 N.W. 256, 104 A.L.R. 1471, as follows: "First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains un-reversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different. Black on Judgments (2d Ed.) vol. 2, § 504. Under the first rule the res which is judicata is the cause of action. Under the second, the res which may be judicata is the particular issue or fact common to both actions." See also Chicago and North Western Railway Co. v. Gillis, 80 S.D. 617, 129 N.W.2d 532. The first rule involves a plea in bar and the second a plea of estoppel by judgment. Sodak Distributing Company v. Wayne, 77 S.D. 496, 93 N.W.2d 791. We are here concerned with the application of estoppel by judgment.

■ ■ The stipulation and release of garnishment is the foundation of plaintiff's present cause of action. It was pleaded time after time as a bar to the relief sought by Mrs. DeGraff in the prior action. Its validity, force, and effect were directly placed in issue and determined by the orders of November 2, 1962 which dismissed the garnishment action, discharged the garnishee defendant from liability, and directed the garnishee defendant to pay Mrs. DeGraff the sum of $11,000. Such relief was not in conformance with the stipulation and could not have been granted unless the court considered defendant relieved from its obligation. Therefore, such orders became final and are res judicata to the relief sought in the present action in ac-

cordance with the well settled rule that a prior final judgment or order, whether correct or not, rendered by a competent court having jurisdiction of the parties and subject matter is conclusive as to all rights, questions, or facts directly involved and actually, or by necessary implication, determined therein, Cundy v. Weber, 68 S.D. 214, 300 N.W. 17, and see Vol. 2 Black on Judgments, §§ 609 and 613.

Affirmed.

All the Judges concur.