**DU–AL MANUFACTURING COMPANY, a DIVISION OF SOS CONSOLIDATED, INC., Plaintiff and Appellant,**

v.

**SIOUX FALLS CONSTRUCTION COMPANY, Defendant and Appellee.**

**No. 17523.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 4, 1991.

Decided July 1, 1992.

Acie W. Matthews of Pruitt, Matthews and Muilenburg, Sioux Falls, for plaintiff and appellant.

Douglas M. Deibert of Cadwell, Sanford & Deibert, Sioux Falls, for defendant and appellee.

L.D. ANDERSON, Circuit Judge.

This is an appeal from a grant of summary judgment. We reverse.

### FACTS

On August 10, 1970, plaintiff Du–Al Manufacturing Company (Du–Al) and defendant Sioux Falls Construction Company (SFC) entered into a contract for the construction of a commercial building in Sioux Falls. The roof started to leak within a short time after construction was completed. Du–Al initiated a lawsuit (roof lawsuit) on September 29, 1975, against SFC and Simpson's, Inc., the supplier of the roof system. On December 3, 1975, the parties entered into a formal stipulation concerning remedial efforts to be undertaken to fix the roof. However, the roof leaking continued despite numerous repair efforts.

In May of 1987, Richard Viehweg of Du–Al called Frank Boyce of SFC about cracking and spalling in the walls. On May 8, SFC inspected Du–Al's building. SFC ultimately hired Twin City Testing (Twin City), an engineering consultant, to do an inspection and analysis of the building. Twin City's report was completed June 16, 1987. Twin City's report mentioned some water leakage from the roof into the walls. Du–Al was provided with a copy of this report on July 1, 1987.

Thereafter, Du–Al contacted the Spitznagel Partners (Spitznagel), a Sioux Falls architectural firm. On May 19, 1988, Du–Al and Spitznagel entered into an agreement covering the exterior repair of identified roof and wall problems. Specifically, this agreement covered repairing exterior walls, repairing expansion joints as necessary, adding wall reinforcing in the main plant area and in the north wing, and replacing/repairing roof insulation and membrane in the main plant area and north wing.

On August 22, 1988, Du–Al's attorney filed a certificate of readiness for trial. On September 19, 1988, SFC filed a motion to dismiss based upon failure to prosecute the roof lawsuit. On November 28, 1988, the court granted SFC's motion to dismiss under SDCL 15–6–41(b). The roof lawsuit dismissal was affirmed in *Du–Al Mfg. Co. v. Sioux Falls Const. Co.*, 444 N.W.2d 55 (S.D.1989).

Spitznagel completed their plans on February 1, 1989. On March 15, 1989, Du–Al contracted with Swift Contractor's, Inc. (Swift) to perform the repair work as per Spitznagel's plans. Swift commenced their repair work on March 28, 1989. Du–Al claims that while Swift was in the midst of this repair work, additional hidden construction irregularities and problems with the walls were first discovered on or about

April 5, 1989. These additional construction problems included lack of adequate horizontal beams at the top of the walls, improper installation of vertical rebar, improper lapping of vertical rebar, use of improper grout, improper joint reinforcement, and improper attachment of bar joists to the wall.

Thereafter, on July 17, 1989, Du–Al filed this lawsuit (wall lawsuit) alleging that in 1989 Du–Al discovered certain wall irregularities and hidden conditions relative to the initial construction of the building. Du–Al amended its complaint twice to include an allegation of fraud or deceit. On March 8, 1991, SFC filed a motion for summary judgment based upon res judicata. SFC claimed this second lawsuit was barred by the dismissal of the earlier roof lawsuit.

In opposing summary judgment, Du–Al filed an affidavit of its president, Richard Viehweg. In this affidavit, Du–Al alleged that it did not know of these hidden or latent construction wall defects until 1989, at which time the roof lawsuit had already been dismissed. SFC argued that Du–Al knew there were serious wall problems since 1987 and should have brought this wall claim along with the other claims in the roof lawsuit.

On April 3, 1991, the trial judge entered its order granting SFC's motion for summary judgment.

### STANDARD OF REVIEW

On appeal, we address whether the trial court erred in granting summary judgment in favor of SFC. We first note our standard of review of orders granting summary judgment:

In reviewing a grant or denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the non-moving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts which demonstrate a genuine, material issue for trial. When no genuine issue of fact exists, summary judgment is looked upon with favor and is particularly adaptable to expose sham claims and defenses. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of a trial court, affirmance of a summary judgment is proper.

*Clauson v. Kempffer,* 477 N.W.2d 257, 258 (S.D.1991) (*quoting Taggart v. Ford Motor Credit Co.,* 462 N.W.2d 493, 498 (S.D. 1990)); *Dede v. Rushmore Nat. Life Ins. Co.,* 470 N.W.2d 256 (S.D.1991); *see also, Groseth Intern. Inc. v. Tenneco, Inc.,* 410 N.W.2d 159 (S.D.1987); *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968).

### DECISION

### THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT

■ The doctrine of res judicata bars an attempt to relitigate a prior determined cause of action by the parties or one of the parties in privity to a party in the earlier suit. *Merchants State Bank v. Light,* 458 N.W.2d 792 (S.D.1990); *Bank of Hoven v. Rausch,* 449 N.W.2d 263, 266 (S.D.1989); *Black Hills Jewelry Mfg. v. Felco Jewel Ind.,* 336 N.W.2d 153, 157 (S.D.1983); *Melbourn v. Benham,* 292 N.W.2d 335, 337 (S.D.1980). Res judicata precludes litigation of an issue actually litigated and issues which could have been properly raised and determined in a prior action. *Merchants State Bank, supra; Bank of Hoven, supra; Black Hills Jewelry, supra.*

■ The test for determining if both causes of action are the same is a query into whether the wrong sought to be redressed is the same in both actions. *Merchants State Bank, supra; Bank of Hoven, supra.* If however the second action is based upon a different claim or demand, the prior judgment precludes further consideration only of those issues which were actually litigated and determined. *Adam*

*v. Adam,* 254 N.W.2d 123 (S.D.1977). That a party could have raised an issue but failed to do so will not prevent the application of res judicata. *Nelson v. Hawkeye Sec. Ins. Co.* 369 N.W.2d 379 (S.D.1985). When a party fails to fully develop all of the issues and evidence available in a case, he is not justified in later trying the omitted issues or facts in a second action based upon the same claim. *Crowley v. Spearfish Ind. School Dist.,* 445 N.W.2d 308 (S.D. 1989). This court held, in *Boos v. Claude,* 69 S.D. 254, 258–259, 9 N.W.2d 262, 264 (1943):

> [I]t is the majority rule that a single wrongful or negligent act causing an injury to both the person·and the property of the same individual, constitutes but one cause of action with separate items of damages and that a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage. However, this rule has certain well-defined exceptions—one of which is that where it appears that the plaintiff had no knowledge or means of knowledge of the omitted items in his first suit, his ignorance will excuse him and the judgment in the first action will not bar a subsequent action to recover on the omitted items.

*See also, Gaither Corporation v. Skinner,* 241 N.C. 532, 85 S.E.2d 909 (1955); *Hyyti v. Smith,* 67 N.D. 425, 272 N.W. 747 (1937); Annotation, *Application of rule against splitting cause of action, or of doctrine of res judicata, to item of single cause of action omitted from issues through ignorance, mistake, or fraud,* 142 A.L.R. 905 (1943). A former recovery will not bar claims of which the plaintiff was ignorant, even if those claims existed at the time suit was commenced in the former recovery and could have been joined, unless plaintiff's ignorance was due to his own negligence. *Bolte v. Aits, Inc.,* 60 Haw. 58, 587 P.2d 810, 814 (1978); 50 C.J.S. *Judgments* § 667 (1947).

Clearly, Du–Al's claims in this lawsuit existed at the time the prior lawsuit was commenced. However, under the rule of *Boos, supra,* Du–Al's claims in this wall lawsuit would not be barred if, prior to the dismissal of the roof lawsuit, Du–Al was without knowledge or means of knowledge of the facts which give rise to these claims. Thus, the entry of summary judgment against Du–Al based on res judicata would not be appropriate if there exists a genuine issue of material fact concerning when Du–Al knew or should have known of the construction. wall defects.

In moving for summary judgment, SFC had the burden of showing that Du–Al knew, or could have known by the exercise of ordinary care, of the hidden or latent construction wall defects before the roof lawsuit was dismissed. Du–Al claims it did not have knowledge of these wall defects until the spring of 1989 when Swift began its repair work. By way of deposition, the engineers involved asserted that these conditions were hidden and could not be observed until the repair work was in progress and the fascia was removed to expose the condition. In resisting the motion for summary judgment, Du–Al did present specific facts which demonstrate a genuine, material issue for trial.

As non-moving party, the evidence must be viewed most favorably to Du–Al, and reasonable doubts should be resolved in its favor. A question of fact exists whether Du–Al by the exercise of ordinary care knew or should have known that there were construction wall defects and thus could have sought such damages in the roof lawsuit.

Before res judicata as a matter of law could apply to bar Du–Al's construction wall defects lawsuit, the factual question as to when Du–Al knew or could have known with the exercise of ordinary care of the existence of the wall defects needs to be determined. This is an issue for the finder of fact to decide.[*]

---

[*] This res judicata issue appears to involve a mixed question of fact and law. Although there may be other ways for the trial court to handle this issue, one method would be to submit a special interrogatory to the jury requiring a specific determination as to whether Du–Al knew or through the exercise of reasonable diligence should have known of the construction

We therefore hold it was improper for the trial court to grant summary judgment when a genuine issue of material fact exists as to when Du–Al knew or should have known about the construction wall defects. We reverse and remand this case to the trial court for further proceedings.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.

AMUNDSON, J., disqualified.

wall damages prior to November 28, 1988, the dismissal date of the roof lawsuit. If the jury answers this in the affirmative, the trial court could proceed with its determination that res judicata bars this lawsuit.