**Zelma M. MOE, Plaintiff and Appellant,**

v.

**Wallace E. MOE, Defendant and Appellee.**

**17627.**

Supreme Court of South Dakota.

Considered on Briefs on Feb. 12, 1992.

Reassigned Dec. 10, 1992.

Decided Feb. 24, 1993.

Richard A. Johnson of Strange, Farrell, Johnson and Casey, Sioux Falls, for plaintiff and appellant.

Clair R. Gerry of Stuart and Gerry, Sioux Falls, for defendant and appellee.

MILLER, Chief Justice (on reassignment).

Zelma M. Moe (Mother) appeals from an order deeming all judgments she held against Wallace E. Moe (Father) satisfied. We affirm.

## FACTS

Mother and Father's 1980 judgment and decree of divorce incorporated their stipulation and agreement giving Mother custody of their three children. Father agreed to pay $750 per month in child support.

On February 18, 1981, the parties filed their court-approved stipulation and agreement which modified the judgment and decree of divorce. It provided that Father owed Mother $4,525 in accumulated child support. Father agreed that this amount "shall be an additional equity of [Mother] in the marital home" which she would receive from the proceeds of the sale of the home. Regular child support payments would begin again in April 1981 in accordance with the original decree of divorce.

The judgment and decree of divorce was further modified in September 1981. Father received custody of his eldest son. His child support obligation for the remaining two children was reduced to $600 until his middle son turned 18. Then he was to pay $450 per month until his daughter reached 18.

In 1987 Father petitioned to modify his child support obligation. After an administrative hearing and entry of findings of fact and conclusions of law the hearing examiner, in September 1987, ordered Father to pay $110 cash per month to support their daughter with the balance of $340 per month to be taken from his equity in the marital home. *See Taylor v. Ellenbecker,* 471 N.W.2d 587 (S.D.1991).

In November 1990 Mother filed an affidavit seeking, among other things, judgment against Father for $9,217.98 in child support arrears. On January 28, 1991, the trial court entered an order which said, in part

Defendant's [Father] equity in the residence is $12,477.43 and he owes the sum

of $13,600.00 in child support, leaving a deficiency of $1,122.57. Said deficiency shall be paid in five equal monthly installments of $224.50 together with the current child support of $110.00 per month, making total payments of support for the first five months of 1991 in the amount of $334.50 per month.

2. Defendant shall transfer his interest in the residence to Plaintiff [Mother], subject to the mortgage thereon.

On February 14, 1991, Mother acknowledged partial satisfaction of judgment for $13,600 "child support arrears from September 1, 1987 through December 30, 1990."

On June 5, 1991, Father received an execution to satisfy the February 1981 judgment of $4,525. He then filed an affidavit requesting an order directing Mother to file a satisfaction of all judgments, claiming the January 28, 1991 order completely resolved the child support arrearage issue.

The trial court agreed. It found the January 28, 1991 order completely determined the amount of child support father owed including "all prior judgements, [sic] accruals, deficiency remaining upon sale of the house and deductions." By its July 19, 1991 order it ordered all judgments held by Mother against Father were satisfied of record and voided the outstanding execution for levy and garnishment. This July 19 order is before us on appeal.

## ISSUE

Father contends that the trial court was correct in finding that its January 28, 1991 order was res judicata as to all child support issues. Father's arguments are both persuasive and legally sound. In reality, Mother is attempting to collaterally attack the January 1991 order which is otherwise beyond the time for appeal. SDCL 15–26A–6. Because the January 28, 1991 order is res judicata we do not reach Mother's contention that the January 28, 1991 order modified the February 18, 1981 judgment for child support arrears.

The January 28, 1991 order determined in part that Father "owes the sum of $13,-600 in child support." The trial court did

not specify a time period; it was satisfied on February 14, 1991. Months later, Mother attempted to execute under the February 18, *1981* judgment for child support arrearages. Father claimed that the January 1991 order resolved all prior arrearage issues and brought this matter before the trial court in June 1991.

On July 19, 1991, the trial court entered an order which is the only order before us on appeal. It simply states "that all judgements [sic] held by [Mother] against [Father] shall be deemed satisfied of record and outstanding executions for levy or garnishment shall be voided." * The trial judge entered the following findings of fact supporting its order:

1. THE COURT PREVIOUSLY CONSIDERED ALL MATTERS AND ITS ORDER OF JANUARY 28, 1991, WAS INTENDED TO COMPLETELY DETERMINE THE REMAINING AMOUNT OF CHILD SUPPORT OWED BY DEFENDANT including all prior judgements, [sic] accruals, deficiency remaining upon sale of the house and deductions. At the time of the last hearing, which accumulated in the January 28, 1991 order, the Court considered all matters, made its equitable adjustments in accordance with prior court orders and THE JANUARY 28, 1991 ORDER WAS INTENDED TO BE A COMPLETE SETTLEMENT OF ALL MATTERS. All support has been paid in full.

2. THE JANUARY 28, 1991 ORDER IS RES JUDICATA, WAS NOT TIMELY APPEALED AND THEREFORE IS BINDING BEFORE THIS COURT. Stated Order was not a modification of past-due support payments since the court at the time considered the February 18, 1981 judgement [sic] for arrearages and child support along with equity in the house, allowable repairs and labor deductions and relevant matters and determined the final amount of child support due accordingly. (Emphasis added).

3. Plaintiff's actions do not merit sanctions or terms under these circumstances.

The trial court went on to conclude that as a matter of law:

1. This Court's prior Order of January 28, 1991 is res judicata as to all issues of child support owed by defendant.

2. All judgements [sic] held by plaintiff against defendant are hereby deemed satisfied and paid in full.

3. Any pending levy shall be voided of record and returned.

4. There shall be no award of sanctions or terms against either party and each party shall be responsible for their own attorney fees and costs in this matter.

█ Res judicata embodies a concept of merger and bar and is therefore broader than issue preclusion or collateral estoppel. *Black Hills Jewelry Mfg. Co. v. Felco Jewel Ind.*, 336 N.W.2d 153 (S.D.1983). One of the purposes of res judicata is to protect parties from being subjected twice to the same cause of action, since public policy is best served when litigation has a finality. *Id.* We stated in *Raschke v. DeGraff*, 81 S.D. 291, 134 N.W.2d 294 (1965), that if the prior final judgment or order had been rendered by a court of competent jurisdiction, it "is conclusive as to all rights, questions, or facts directly involved and actually, or by necessary implication, determined therein," whether the court was correct at the time or not. *Raschke*, 81 S.D. at 295–96, 134 N.W.2d at 297.

█ We apply four factors to determine whether the doctrine of res judicata bars this appeal: (1) whether the issue decided in the former adjudication is identical with the present issue; (2) whether there was a final judgment on the merits; (3) whether the parties are identical; and (4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication. *Raschke*, 81 S.D. at 295, 134 N.W.2d at 296 (applying same factors to the application of collateral estoppel); *Staab v. Cameron*, 351 N.W.2d 463, 465 (S.D.1984). Here, Mother is attacking the identical issue—the child support owed by

* The court also denied sanctions and attorney fees to either party.

Father—which was previously adjudicated in the January 28, 1991 order. That was a final judgment on the merits. The parties were identical. All issues were fully pleaded and both parties were given a full and fair opportunity to litigate all issues. Res judicata and collateral estoppel bar this appeal. *Staab*, 351 N.W.2d at 465; *Raschke*, 81 S.D. at 295–96, 134 N.W.2d at 297.

The court's July 19, 1991, findings of fact and conclusions of law, which found and concluded that the trial court's "prior Order of January 28, 1991 is res judicata as to all issues of child support owed by defendant," and upon which its July 19, 1991, order is based, are neither clearly erroneous nor an error of law. We are not left with a definite and firm conviction that a mistake has been made. *Hilbrands v. Hilbrands*, 429 N.W.2d 750, 751 (S.D.1988); SDCL 15–6–52(a). The trial court's order is affirmed. We award no attorney fees to either party for this appeal.

WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.