Glen R. WINTERSTEEN, Lee R. Wintersteen, and Thomas R. Wintersteen, d/b/a Triple W Enterprise, a partnership, Plaintiffs and Appellees,

v.

Stuart BENNING, Defendant and Appellant.

No. 18333.

Supreme Court of South Dakota.

Submitted on Briefs on Dec. 2, 1993.

Decided March 30, 1994.

Edward J. Leahy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiffs and appellees.

Gale E. Fisher, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

Landlords Glen R. Wintersteen, Lee R. Wintersteen, and Thomas R. Wintersteen, d/b/a Triple W Enterprise (hereinafter Wintersteens), sought unpaid rent and cleanup costs from tenant Dakota Lamb Feeders, Inc. (DLF) in April of 1989. A jury awarded Wintersteens $13,334.00 for damages, plus pre-judgment interests and costs. DLF paid all but the costs.

On June 13, 1991, Wintersteens, who are appellees, brought this action against appellant Stuart Benning, as guarantor, seeking recovery of the unpaid costs, and, additional-

ly, attorneys' fees for this action and the previous April 1989 action. Thereafter, the trial court awarded Wintersteens $2,025.87 for unpaid costs and interest and $22,325.90 for attorneys' fees and interest paid to the attorneys for prosecution of the first lawsuit.

Benning appeals the award of attorneys' fees for the first lawsuit, setting forth three issues:

I. Is Wintersteens' action barred by res judicata?

II. Can the obligations of a guarantor be more burdensome than that of the principal?

III. Are attorneys' fees in guaranties prohibited by SDCL 15–17–10?

Holding res judicata applies, we reverse and do not reach Issues II and III.

## FACTS

In 1983, DLF rented a feedlot from Rooney Feedlots, Inc., signing a one-year lease with a five-year renewal option. To guarantee performance of DLF's corporate obligations under the lease, Benning, the principal shareholder and officer of DLF, additionally signed a personal guaranty. Before the first year ended, Rooney sold the feedlot to the Wintersteens who sought to terminate the lease. DLF, however, exercised its five-year option. Wintersteens brought suit seeking eviction, damages for breach of contract and attorneys' fees. Negotiations were subsequently conducted until April of 1989 when DLF vacated the feedlot. Wintersteens filed an Amended Complaint seeking six months unpaid rent and cleanup costs.

Following a jury trial on the Amended Complaint, Wintersteens were awarded $13,334.00 for two months unpaid rent plus cleanup costs. Additionally, the trial court added pre-judgment interest and costs. DLF remitted all but the costs, prompting the Wintersteens to bring this action against guarantor Benning, seeking recovery of the unpaid costs, plus attorneys' fees for this action *and the prior one.* Thereafter, the trial court awarded Wintersteens $2,025.87 for unpaid costs and interest plus $22,325.90 for attor-

neys' fees with interest for handling the first lawsuit.

Benning appeals the award of attorneys' fees for the prior action.

## DECISION

I. *This action is barred by res judicata.*

 Res judicata bars an attempt to relitigate a prior determined cause of action by the parties or one of the parties in privity to a party in the earlier suit. *Du–Al Mfg. Co. v. Sioux Falls Const. Co.,* 487 N.W.2d 29 (S.D.1992); *Melbourn v. Benham,* 292 N.W.2d 335 (S.D.1980). This Court applies four factors in determining if this doctrine applies: (1) was the issue decided in the former adjudication identical to the present issue; (2) was there a final judgment on the merits; (3) are the parties in the two actions the same or in privity; and (4) was there a full and fair opportunity to litigate the issues in the prior adjudication? *Moe v. Moe,* 496 N.W.2d 593, 595 (S.D.1993); *Raschke v. De-Graff,* 81 S.D. 291, 295, 134 N.W.2d 294, 296 (1965).

 In the prior case, Wintersteens sought to recover damages for past rent payments and cleaning costs. Attorneys' fees were not sought. Instanter, Wintersteens demands attorneys' fees for seeking past rent payments and cleaning costs. Although the cause of action is based upon the guaranty, the fees in question arise from the prior cause of action, not the guaranty. Res judicata precludes litigation of issues which could have been properly raised and determined in a prior action. *Hogg v. Siebrecht,* 464 N.W.2d 209, 211 (S.D.1990). That a party could have raised an issue but failed to do so will not prevent the application of res judicata. *Nelson v. Hawkeye Security Ins. Co.,* 369 N.W.2d 379 (S.D.1985).

The prior case has had a final judgment on the merits. Although DLF and Benning are separate legal entities, due to the guaranty contract, the two parties were in privity for the prior action. Wintersteens, well aware of Benning's connection to DLF and his guaranty, had a full and fair opportunity to liti-

gate the issues in the prior adjudication.* It is a logical practice that if one desires an award of attorneys' fees in an action, one should raise that issue during that action. Wintersteens did not. To advance a point at the appellate level, counsel should have made his point in an instruction, or at least tried to by requested instruction. *Hogg v. First Nat. Bank of Aberdeen,* 386 N.W.2d 921 (S.D. 1986).

Wintersteens defend alleging that the lease itself does not allow for attorneys' fees when collecting past rent payments and cleaning costs, but the guaranty contract does. Therefore, different contract, different issue. When a party to litigation fails to develop all of the issues and evidence available in a case, the party is not justified in later trying the omitted issues or facts in a second action based upon the same claim. *Crowley v. Spearfish Ind. School Dist.,* 445 N.W.2d 308 (S.D.1989). The claim that the lease contract did not allow for attorneys' fees does not lessen the responsibility to raise the issue at the proper time.

It is the same claim. Wintersteens seek attorneys' fees for DLF's actions in the prior case. Without the existence of the prior case, Wintersteens would have no case upon which to claim attorneys' fees. Clearly, Wintersteens' claim existed at the time of the prior suit.

We reverse and remand the Judgment entered in this case, with instructions to strike out the award of attorneys' fees, leaving only a judgment against Benning for costs incurred in the first action, with interest.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

I dissent. The majority opinion results in a rule that requires all guarantors to be sued in the first instance with their principals,

1. no matter what rights they have signed away, and

2. even if the guarantors have waived such rights by agreeing in writing for valuable consideration to be sued separately.

It is generally recognized that the rule against splitting a cause of action is primarily for the benefit of the defendant, and that he may permit plaintiff to split the cause of action. If the court determines that defendant has expressly or implicitly consented to the splitting of the cause of action, defendant is held to have waived the right to assert res judicata. *North Carolina Elec. Membership Corp. v. White,* 722 F.Supp. 1314, 1321 (D.S.C.1989). *See* Restatement (Second) of Judgments § 26 cmt. a (1982) (commenting that while the main purpose of the rule against claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim, the rule does not apply where the defendant consents, in express words or otherwise, to the splitting of the claim). *See generally* 1 Am.Jur.2d *Actions* § 113 (1994) ("A person against whom a cause of action exists may agree to the splitting of the cause of action, thereby waiving the protection of the general rule against splitting causes of action."); Joseph E. Edwards, Annotation, *Waiver Of, By Failing To Promptly Raise, Objection To Splitting Cause Of Action,* 40 A.L.R.3d 108 (1971) ("The rule precluding splitting of a cause of action is founded upon the principle that no person should be unnecessarily harassed with a multiplicity of suits. But it is generally recognized that the rule against splitting a cause of action is primarily for the benefit of the defendant, to protect him against a multiplicity of suits, and that he may agree to a splitting of the cause of action, *in which case the court will respect the agreement,* and by his conduct he may be held to have waived his right to insist upon the rule." (Emphasis added.)). Restatement (Second) of Judgments § 26 (1982) provides in part:

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possi-

---

* Dissent contends that Benning agreed to "split" a cause of action. We disagree. Rather, Benning, an individual, guaranteed performance of a contract made by a business entity (DLF) by making himself personally liable. One cause of action, two sources of liability.

ble basis for a second action by the plaintiff against the defendant:

(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein[.]

When Benning signed the guaranty, he "contracted away" any right he may have had to the affirmative defense of res judicata.* *See generally First Fed. Sav. and Loan Assoc. v. Clark Inv. Co.*, 322 N.W.2d 258 (S.D.1982). ("[T]his Court held that a mortgagor can contract away its right to rents and profits." *Aetna Life Ins. Co. v. McElvain*, 363 N.W.2d 186, 191 (S.D.1985) (citing *First Fed.*, 322 N.W.2d 258).) The guaranty provided in part:

> The undersigned does hereby consent that without affecting the liability of the undersigned under this guaranty and without notice to the undersigned, ... the Landlord may avail itself of or exercise any or all of the rights and/or remedies against the Tenant provided by law or by said lease, and may proceed either against the Tenant alone or jointly against the Tenant and the undersigned or against the undersigned alone without proceeding against the Tenant.

Clearly, under the terms of the guaranty, Benning waived his right to assert the defense of res judicata by agreeing to allow Wintersteens to proceed against the tenant, DLF, alone, without affecting his liability. This court should respect the agreement and affirm the trial court's determination that Benning cannot assert the affirmative defense of res judicata against Wintersteens' action for attorneys' fees.

---

* I *do not* concede that res judicata would apply even if it could be asserted. The main reason for this position is that the issue of attorneys' fees was not decided in the prior action because it arose out of a separate agreement—the guaranty—between different parties. Because I conclude, however, that Benning "agreed in terms" that Wintersteens could split their claim, it is not necessary to reach the issue of whether res judicata would otherwise apply. *See Imperial Constr. Mgt. Corp. v. Laborers Int'l. Union of North America Local 96*, 729 F.Supp. 1199, 1205 (N.D.Ill.1990).