2004 SD 115

**Richard Duane BEALS and Melva Beals, Plaintiffs and Appellants,**

v.

**Connie L. WAGNER in her official capacity as Day County Treasurer, Defendant and Appellee.**

No. 23108.

Supreme Court of South Dakota.

Considered on Briefs On Aug. 23, 2004.

Decided Oct. 13, 2004.

William E. Coester, Milbank, South Dakota, Attorney for plaintiffs and appellants.

Danny R. Smeins, Day County State's Attorney, Webster, South Dakota, Attorney for defendant and appellee.

MEIERHENRY, Justice.

[¶ 1.] Richard and Melva Beals appeal the trial court's ruling that the hearing examiner's decision did not overturn the county's valuation of Beals' property and thus, Beals are not entitled to a refund of 1999 taxes, which were paid according to the County's initial valuation. We affirm.

## FACTS

[¶ 2.] Richard and Melva Beals own real estate in Day County. This real estate was previously classified as non-agricultural land for real estate tax purposes but was vacated and reclassified as agricultural land in June of 1998. However, these changes were not properly recorded with the Register of Deeds until February of 1999. This resulted in the property being classified as non-agricultural property by the Day County Director of Equalization for the year 1999 and real estate taxes were calculated accordingly. Beals appealed the tax assessment to the South Dakota Department of Revenue. They contended that it was an error for the County to use the non-agricultural classification rather than the agricultural classification when calculating Beals' taxes. They further contended that as a result of the incorrect classification, the County's valuation of the real estate was in excess of its full and true value. A hearing was held and the hearing examiner issued a decision requiring the property to be "reclassified as agricultural property, if not already, and value[d] as such". The decision also contained a conclusion of law stating:

> Petitioners bear the burden of producing sufficient evidence to demonstrate that the assessed valuation of their property was in excess of its full and true value. Petitioners did not meet that burden.

Neither party appealed the decision. Pursuant to the decision, Day County reclassified the property as agricultural for the year 1999 and adjusted the tax accordingly.[1] Day County did not alter the original valuation of the property because the County maintained that the original valuation had not been overturned by the hear-

---

1. SDCL 10–12–42 varies the maximum annual tax levy that may be imposed based upon the classification of the property.

ing examiner's decision. Beals paid the tax demanded under protest and filed a claim in the Fifth Judicial Circuit Court against Connie Wagner, Day County Treasurer, for recovery of the alleged wrongfully collected tax.[2] Beals claim that in addition to reclassification, the original valuation of the property had been overturned and revaluation of their property was required by the hearing examiner's decision. Beals further claim the revaluation would have reduced their 1999 real estate taxes and entitled them to a refund.

[¶ 3.] At trial, Beals' refund claim was combined with two appeals involving Day County's valuation of Beals' real property for years 2000 and 2001. The two appeals and the refund claim were tried together. The two appeals were dismissed pursuant to Stipulation and Agreement of the parties, leaving only the matter of the refund claim for the trial court.[3]

[¶ 4.] The trial court dismissed the refund claim. It found the hearing examiner's decision affirmed the county's original valuation and did not require revaluation of the reclassified property and thus, the Day County Treasurer committed no error in calculating and collecting the taxes owed by Beals. Beals appeal.

## STANDARD OF REVIEW

[¶ 5.] At issue is the interpretation of and compliance with the decision of the hearing examiner. The former is a question of law and the latter is a mixed question of law and fact and both are reviewed de novo. *Erdahl v. Groff,* 1998 SD 28, ¶ 15, 576 N.W.2d 15, 18; *Matter of Groseth Intern., Inc.,* 442 N.W.2d 229, 232 (S.D.1989); *Permann v. South Dakota*

*Dept. of Labor,* 411 N.W.2d 113, 115–17 (S.D.1987).

## ISSUES

I. Whether the trial court erred in determining Beals were not entitled to a refund under the hearing examiner's decision.

II. Whether stipulations made as to the valuation of the real estate in question applied to the calculation of real property taxes due for 1999.

## DECISION

*Interpretation of the Hearing Examiner's Decision*

[¶ 6.] The source of this dispute lies primarily in the parties' different interpretations of the hearing examiner's decision. Neither party appealed the decision, thus making it final as to the issues it addressed. This Court has held, "[I]f the prior final judgment or order has been rendered by a court of competent jurisdiction, it 'is conclusive as to all rights, questions, or facts directly involved and actually, or by necessary implication, determined therein,' whether the court was correct at the time or not." *Moe v. Moe,* 496 N.W.2d 593, 595 (S.D.1993) (quoting *Raschke v. DeGraff,* 81 S.D. 291, 295–96, 134 N.W.2d 294, 297 (1965)). This Court has further held, "[A]ny claim over which an administrative agency had jurisdiction that is raised and rejected by the agency, is subsequently barred from being retried on the merits in the courts under the doctrine of res judicata." *McElhaney v. Anderson,* 1999 SD 78, ¶ 13, 598 N.W.2d 203, 206. The parties had the right to appeal but did

---

2. SDCL 10–27–2 provides the basis for the claim.

3. The effect of a pre-evidence stipulation and the later Stipulation and Agreements are discussed at length in the briefs of the parties. However, due to this Court's resolution of the first issue, the stipulations have no bearing on this appeal.

not do so. Thus, res judicata applies and the decision of the hearing examiner is final and binding. Only the meaning and enforcement of the decision are at issue here.

■ [¶ 7.] Although the hearing examiner's decision is not the perfect example of clarity, we conclude that the decision affirmed the County's original valuation of Beals' property, and did not require revaluation. The stated issue in the decision was whether "the subject property [was] assessed higher than actual market value or assessed higher than comparable property". Under South Dakota law at the time of the hearing, there was a presumption that the County's assessment was correct.[4] *See Kocer v. Bon Homme County Com'rs,* 1999 SD 155, ¶ 14, 604 N.W.2d 1, 4; *Clarkson and Co. v. Harding County,* 1998 SD 74, ¶ 6, 581 N.W.2d 499, 502; *Richter Enter., Inc. v. Sully Cty.,* 1997 SD 61, ¶ 7, 563 N.W.2d 841, 843.

[¶ 8.] The hearing examiner placed the burden of overcoming this presumption on the taxpayers, Beals, as required by our law at that time. *Id.* Based on the evidence presented, the hearing examiner concluded Beals had not met the burden of overcoming the presumption in favor of the County's assessment; consequently, the County's valuation was not overturned. However, the hearing examiner did find portions of the property were improperly classified as non-agricultural and ordered those portions to be reclassified as agricultural. The order stated:

> It is the order of the Hearing Examiner that the following shall be reclassified as agricultural property, if not already, and value as such.

4. The hearing examiner's decision was made on August 16, 1999. Effective November 1, 2000, SDCL 10–3–16 was amended to state:

The phrase "value as such" as used in this order, gives rise to the dispute in this case.

[¶ 9.] Beals contend this phrase meant the County's original assessment was incorrect, and that a new valuation was required. Standing alone, this language could reasonably be interpreted to require revaluation. However, when the decision is read as a whole, it is clear that revaluation was not required because the hearing examiner had found that Beals failed to meet their burden of proving the original assessment was incorrect.

[¶ 10.] The relevant statement in the decision is contained in the conclusions of law. It reads:

> Petitioners bear the burden of producing sufficient evidence to demonstrate that the assessed valuation of their property was in excess of its full and true value. *Petitioners did not meet that burden.*

(emphasis added). The meaning and intent of the conclusion is clear and unambiguous: the petitioners did not meet their burden of proving the County's assessed value was wrong. To interpret the language of the order—"value as such"—as requiring a new assessment would be in direct conflict with the decision's unambiguous conclusion of law. Beals' proposed interpretation of the decision would mean the hearing examiner concluded the original valuation was not excessive or erroneous but then ordered a revaluation anyway. The hearing examiner could not have intended such an inconsistent ruling. The hearing examiner's order did not require the County to revalue the property. Any other interpretation of the decision would create an inconsistency between its provisions.

"No legal presumption of correctness attaches to the director's assessed valuation of property."

*Property Value Stipulations*

[¶ 11.] Alternatively, Beals claim the parties' oral and written property value stipulations are binding and enforceable in its refund claim. The oral stipulation was made before the trial court took evidence in the combined trial of the appeals and the refund claim. That stipulation concerned the valuation of the real estate involved in the three matters. Following is the stipulation as presented to the trial court:

> MR. SMEINS [attorney for appellee, Day County]: Your honor, it is our position that the value of the property apparently is at issue in all three proceedings. We've raised the issue whether the value can be re-determined and the Court can take that under advisement. We can file briefs and motions. But the issue of valuation we would stipulate that the value the Court determines for '99, 2000, and 2001 would all be the same in all three. Three matters.
>
> MR. COESTER [attorney for appellants, Beals]: We would stipulate to that.
>
> MR SMEINS: Then the court can rule on the refund action based on whether or not it can be re-valued but for 2000 and 2001 the issue is the same, it's simply what's the value of the unplatted property as ag—ag classification.
>
> THE COURT: Well, again, I'm not sure exactly what you are referring to because I don't know anything about this case. What values are you stipulating to?
>
> MR SMEINS: Your Honor, what we say, whatever the—the issue in the two appeals, appeals that have been made is the—is the value of the property as ag property. The issue in the refund action, according to the way they brought for them to prevail they have to re-determine the value of the property that the county did not value properly. Whatever value, we would agree that it's the same for all three years. Whatever you decide.
>
> MR COESTER: And we agree to that.

[¶ 12.] The parties stipulated that the land values used in each matter (both the appeals and the claim) should be the same. However, it is clear from the record that Day County did not concede revaluation was required in the refund claim. Day County preserved its position that the original valuation was not overturned by the hearing examiner's decision. The stipulated value would be used for the refund claim only if the trial court first determined revaluation was required by the hearing examiner's decision. Instead, the trial court determined that revaluation was not required by the hearing examiner's decision, and we agree. As a result, the oral stipulation has no bearing on this appeal.

[¶ 13.] The written Stipulation and Agreements as to the property value in the two companion cases likewise have no bearing on the refund claim before us. These later Stipulation and Agreements pertained only to the two *appeals* brought before the trial court and did not pertain to the refund claim. They are not part of the trial court's record of the refund claim and cannot properly be considered on appeal.

[¶ 14.] The trial court's decision dismissing the Petitioners' action for refund of real estate taxes is affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶ 16.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 17.] The hearing examiner's determination that the Beals had the burden of proving that the assessed value of the subject property in 1999 was in excess of its full and true value, and failed to meet that burden, was largely based on our holdings in both *Lincoln Township* and *Richter Enterprises Inc. See Lincoln Township v. South Dakota Board of Equalization*, 1996 SD 13, ¶ 5, 543 N.W.2d 256, 257 ("Without an appraisal showing [Director's] assessment was erroneous, taxpayer [has] not overcome the presumption of correctness."); *Richter Enterprises Inc. v. Sully County*, 1997 SD 61, ¶ 14, 563 N.W.2d 841, 845 ("Simply asserting that the valuation was in excess of the true and full value does not make it so.... Taxpayer must demonstrate that the tax assessment was unjust and inequitable."). However, both of these cases are readily distinguishable from this case.

[¶ 18.] In both *Lincoln Township* and *Richter Enterprises Inc.*, the property owners were appealing the decisions of their respective county directors of equalization to revalue their property absent any changes in the classification or use of the subject properties. Here, the Beals' platted property had been recently vacated, which *necessitated* the county to reclassify and revalue the property. Yet, they failed to do so. Under these circumstances, there should not be a "presumption of correctness" regarding a valuation. To require the Beals to incur the expense of an independent appraisal when the county had an obligation to properly revalue the property is "unjust and inequitable."

[¶ 19.] Due to the ambiguity in the hearing examiner's order, the Beals did not immediately appeal the hearing examiner's decision.[5] When the matter later came before the trial court the hearing examiner's findings were affirmed based on the fact that the Beals did not appeal the decision in a timely manner, and therefore were estopped from contesting the values.[6] However, it was actually the county who lost the lawsuit because the property was to be "reclassified as agricultural land" and "value[d] as such." The governmental entity, the county, is the only one who can revalue the property as of the day of the assessment. The Beals could not do that. So, the county was the party that should have appealed the hearing examiner's decision if they felt it was in error.

[¶ 20.] It is obvious that the property should have been revalued in 1999 from

---

5. In addition to finding that the Beals did not meet their burden in demonstrating that the assessed value was incorrect, the hearing examiner also ordered that the property "shall be reclassified as agricultural property, if not already, and *value[d] as such*." (emphasis added). This inherent ambiguity led to competing interpretations by the parties. On cross examination, Melva Beals testified as follows:

   Q: Did there—I reviewed the 1999 ruling, there is no conclusion by the Hearing Officer as to what the value was, would you agree?

   A: It said that they were supposed to reclassify it as agricultural land and value it as such.

However, during Mr. Schlotte's cross examination he testified as follows:

   Q: Was there a specific directive to the-to you as the Director of Equalization to revalue the property that has been the subject of the appeal?

   A: No. Actually, it's basically stated as far as I was concerned, as far as the county was concerned, that they didn't bear the burden or they did bear the burden and they couldn't prove that the value part was wrong.

6. The Order provides: "[t]his is the final decision in this matter unless you appeal the decision directly to circuit court within 30 days after this Order has been served on you."

the fact that it was reclassified in 1998 and eventually revalued in 2000 and 2001, resulting in lower taxes to the Beals.[7]

[¶ 21.] Based on the above, this case should be reversed and remanded.

7. On cross examination Mr. Schlotte testified as to the revaluation in 2000 and 2001:

Q: Now after 1999 then did you change the way that you assessed the Beals' property . . . ?

A: Yes, we did.

Q: And what method did you then apply or how did you then determine the value of the property for 2000 and 2001?

A: For 2000 and 2001 what we on the county level did was we-that particular type of shore land with that steepness and that type of terrain is valued at Pickerel Lake at 280 a front foot. Due to the fact that the plat was vacated, what we did is we reduced that by 15 percent because we knew if they were gonna sell it into lots they'd have to re-plat. So we reduced it by 15 percent for the cost of replatting and, thus, assessed a frontage at 238 a front foot. And the ag land, the back portion that we actually say is ag land and the back lots that were vacated, by the way, we have no problem with them also as ag land at $180 an acre.